†STATE OF OHIO EX REL. SCHWARTZ v. OHIO & MISSISSIPPI RY. CO. ET AL.

1. STOCKHOLDERS ARE ENTITLED TO HAVE BUSINESS MANAGED BY WHOLE BOARD OF DIRECTORS.

Under the laws of the state the property and business of all corporations formed under the laws thereof, must be held, managed and controlled by the board of directors— that is, by the whole board lawfully elected. For the company to exclude three ot said directors from the exercise of the duties of their said office, is contrary to the laws of the state and a denial of the rights given by the law to the stockholders. to have those directors, elected by them, serve as such.

2. QUO WARRANTO WILL LIE WHERE DISPUTE IS NOT A MERE MATTER OF INTERNAL MANAGEMENT.

Where a corporation of this state, in violation of the law of its creation, is doing acts against the material and substantial rights of its stockholders, this is a matter which concerns the public, and the state will intervene by a proceeding of this kind and by proper order prevent the doing of such unlawful acts.·

3. PERSONS ALLEGED AS WRONGFULLY ACTING AS DIRECTORS ARE PROPER PARTIES

Where the persons who, as claimed in the petition, were not legal directors of such company, but are by such company wrongfully permitted to act as such, are made defendants to such proceeding, they are proper parties thereto, and a motion to dismiss them from the case should be overruled.

4. NON-RESIDENT USURPING OFFICERS SERVED BY PUBLICATION.

If the corporation is a proper party defendant, and is in the county, other non-resident defendants usurping its offices may be served by publication.

Proceedings in Quo Warranto. Hearing on Demurrer to the Petition.

SWING, J.

In our judgment the demurrer to the petition should be overruled.

The petition alleges that at the regular meeting of the stockholders of said defendant company, which is a corporation organized under the laws of Ohio, on October 17, 1891, for the election of directors of said company, Sterritt McKim, Julius S. Walsh, and D Fahnestock were duly elected directors, and that said persons having been duly elected directors were duly qualified as such directors, for the term of four years. But that notwithstanding the premises, the defendant, acting by a majority of its directors, includ-

†See also next case.

ing James H. Smith, Edwards Whittaker, Edward H. R. Green, and by its officers and agents, has refused and still refuses in any manner to recognize said McKim, Walsh and Fahnestock as directors of said company, or to permit them to act as such, although they, are ready, willing and desirous of performing the duties of their offices; but on the contrary said company, acting by a majority of its directors and by its other officers and agents, persists in recognizing and permitting James H. Smith, Edward Whittaker and E. H. R. Green to act as directors in the place and stead of those so elected as aforesaid, in order to unlawfully perpetuate said directors, and said Whittaker, Smith and Green, and the officers and agents of said company chosen by them in the management and control of the property and business of said company, in defiance of the wishes of said majority of stockholders, who own and hold nineteen million dollars face value of the stock of said company, out of a total of twenty-four million dollars face value, and intends and proposes to and will continue so to do during the term for which said McKim, Walsh and Fahnestock were elected.

The petition alleges that said acts are in contravention of law, and that by reason thereof the defendant is misusing its privileges and corporate powers, and the plaintiff therefore prays that the defendant be adjudged to have misused its franchise and privileges, and that it be ousted and excluded from such misuse.

To this petition the defendant files a general demurrer. Section 3248, Rev. Stat., provides that the corporate powers, business and property of corporations formed under this title must be exercised, conducted and controlled by the board of directors. This must mean the whole board of directors, lawfully elected. (And in this corporation the board of directors consists of thirteen.) To exclude three of the directors is an illegal act, is contrary to the law of this state, and by this act three of the directors of this corporation are deprived of a valuable franchise or right given them by the laws of the state.

By the laws of the state, any holder of shares of stock is entitled to vote for directors, and he is entitled to as many votes as he holds shares in the stock. After the stockholders have elected directors, to have the corporation refuse to recognize them as such, and to exclude them from the management and control of the affairs of the corporation, is in effect a denial of the rights of a stockholder, given him by the law. We see no reason to doubt these conclusions.

The question then comes to this: Will the State, by proceedings in *quo warranto*, inquire into the matter and grant relief?

It was strongly claimed in the argument that the state would not concern itself with the internal management of corporations, even when the corporation was not conducting its management in accordance with provisions of the statute, but would only act when the corporation was exceeding its powers in its dealings with the public. Upon principle we do not think this position is maintainable. The following, we think, is a clear and concise statement of the law:

"It appears to be well settled that the state as prosecutor must show on the part of the corporation accused, some sin against the law of its being, which has produced or tends to produce injury to the public. The transgression must not be merely formal or incidental, but material and serious; and such as to harm or menace the public welfare. For the state does not concern itself with the quarrels of private litigants." (See opinion of Finah, J., pp. 608-9, 191 N. Y.)

It is in the interest of the state and the public that corporations should be formed. It is only through corporations that the largest industries and affairs of the country can be carried on. Corporations could not be formed and maintained under laws which do not protect and declare the rights of its stockholders, and which do not provide for the management and the control of the corporation. This must have been the view of our legislature when it enacted the law for the formation and government of corporations, for the rights of stockholders, and the manner in which and by which it shall conduct its affairs.

Can it be said that when a corporation violates and proposes to continue to violate the rights of stockholders, and when it conducts and proposes to conduct its management in direct violation of the law of its creation, it does not concern the state, the public? We think not. Such violation of the law of its being must, in our judgment, produce injury to the public. It is a plain violation of the rights of its stockholders and directors, as given by the state, and must, therefore, concern the state.

It is only in this view of the law that our supreme court could have rendered the judgments which it did in cases found in State v. Gibbs, 25 O. S. 258, and State v. B. & S. Assn., 29 O. S., 92.

In each of these cases the corporation was found to be conducting its affairs contrary to the laws of the state, and was violating the rights of its stockholders. The public had no interest in its affairs except to see that the laws were not violated, and that the rights of the stockholders should be preserved.

The motion to set aside service as to defendants Whittaker, Green, and Smith, we think, should be overruled.

The court has jurisdiction of the defendant company, and should have jurisdiction of all parties, which will enable the court to render such judgment as it may find necessary.

Harmon, Colston, Goldsmith & Hoadly and Paxton & Warrington, for relator.

Ramsey, Maxwell & Ramsey and Edward Barton, for defendants.